UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NEW YORK CITY DISTRICT COUNCIL
OF CARPENTERS,

                Petitioner,         **PETITION TO CONFIRM ARBITRATION AWARD**

      -against-

                                          Case No. _____

XTREME DRYWALL & ACOUSTICS, INC.,

                Respondent.
-----------------------------------------------------------X

Petitioner, New York City District Council of Carpenters, by its counsel Spivak Lipton LLP, respectfully alleges:

## PARTIES

1. Petitioner, New York City District Council of Carpenters (the "District Council" or "Union"), is a labor organization within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). The District Council maintains its office at 395 Hudson Street, New York, New York, 10014.

2. At the relevant times, Respondent, Xtreme Drywall & Acoustics, Inc. ("Xtreme Drywall" or "Employer"), was licensed to do business in the state of New York. Upon information, Respondent had its principal place of business at 120 Old Route 9, Suite 4, Fishkill, New York, 12524 and 11 Franton Drive, Wappingers Falls, New York, 12590. The Respondent is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2).

## JURISDICTION

3. This is an action to confirm two arbitration awards rendered by Arbitrator Roger Maher on December 14, 2015 in favor of the District Council. Jurisdiction of this court is invoked pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(c).

## VENUE

4. Venue is proper in this judicial district pursuant to LMRA Sections 301(a), (c), 29 U.S.C. §§ 185(a), (c) and 28 U.S.C. § 1391. This is the United States court in and for the judicial district in which Respondent resides, Respondent was registered to do business at the relevant times, Respondent has designated for service of process, certain of the events or omissions giving rise to the claims occurred, and the Petitioner is engaged in representing members.

## FINALITY OF THE ARBITRATION AWARD

5. At all relevant times, Respondent was a party to the Agreement between the Association of Wall-Ceiling & Carpentry Industries of New York Incorporated ("WCA") and the District Council, by virtue of Respondent's membership in the WCA, and an International Agreement with the District Council (collectively, the "collective bargaining agreement" or "CBA").

6. The CBA provides for final and binding arbitration of disputes that arise between the parties and names Roger Maher as a designated impartial arbitrator to hear such disputes. The CBA also provides that the arbitrator shall have the right to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration and shall have the power to render a decision based on the testimony before him at such hearing.

7. Disputes arose between the parties regarding Xtreme Drywall's (1) late payment of wages and benefit funds contributions to Kester Gibbs and William McDonald for work performed under the CBA (Case No. 2015-267) and (2) failure to fulfill its obligations under a

21 hours of wages at the rate of $46.15 per hour totaling $969.15 and 21 hours of benefits at the rate of $39.08 per hour totaling $820.68.  The Arbitrator ordered the Employer to pay $500 to the Arbitrator as the Employer's contractual portion of the Arbitrator fee.  The Arbitrator also ruled that in the event the Employer fails to satisfy its obligations under the Award and the Union is required to enforce the Award, the Employer is liable to pay the Union's reasonable related attorneys' fees.

11. To date, Respondent has failed to satisfy its obligations pursuant to the Awards. Judgment on the Awards is therefore necessary to permit the District Council to enforce the Awards.

12. The Awards have not been vacated or modified by any order of any Court of competent jurisdiction and it is still in full force and effect.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests an Order and Judgment granting the following relief:

(i) confirming the Arbitration Awards of Roger Maher in their entirety;

(ii) directing Xtreme Drywall to pay:

- $707.00 in wages and $651.14 in benefit funds contributions for Kester Gibbs;

- $707.00 in wages and $651.14 in benefit funds contributions for William McDonald;

- $969.15 in wages and $820.68 in benefit funds contributions for Glenroy Jones;

(iii) directing Xtreme Drywall to pay a total of $1,000 as the Employer's contractual portion of the Arbitrator fee for the two hearings;

grievance settlement agreement with the District Council regarding 21 hours of wages and benefits due for failure to report a job to the Union (Case No. 2013-601).

8. The District Council submitted the disputes to Arbitrator Maher. Thereafter, upon due notice to all parties, the Arbitrator held hearings. Respondent failed to appear at the hearings. The arbitrator heard testimony and received evidence from the District Council. When the record was closed, the Arbitrator issued his opinion and awards ("Awards"). A true and correct copy of the Award in Case No. 2015-267 is attached hereto as Exhibit A. A true and correct copy of the Award in Case No. 2013-601 is attached hereto as Exhibit B.

9. For Case No. 2015-267, the Arbitrator found that Respondent violated the CBA when it paid late wages and fringe benefit contributions from February 25, 2015 through March 4, 2015 to Kester Gibbs and William McDonald. As a remedy, the Arbitrator ruled that Mr. Gibbs and Mr. McDonald are each entitled to 14 hours of wages and benefits as a contractual late payment penalty. The Arbitrator ordered Respondent to pay each of the two employees 14 hours of wages at the rate of $50.50 per hour amounting to $707.00 and 14 hours of fringe benefit contributions at the rate of $46.51 per hour amounting to $651.14. The Arbitrator ordered Respondent to pay $500 as the Employer's contractual half of the Arbitrator's fee. The Arbitrator also ruled that in the event the Employer fails to satisfy its obligations under the Award and the Union is required to enforce the Award, the Employer is liable to pay the Union's reasonable related attorneys' fees.

10. For Case No. 2013-601, the Arbitrator found that Respondent failed to abide by the terms of a grievance settlement agreement it signed in which Respondent agreed to pay 21 hours of wages and benefits to a Union member for the Employer's failure to report a job to the Union. As a remedy, the Arbitrator ordered Xtreme Drywall to pay on behalf of Glenroy Jones

(iv) directing Xtreme Drywall to pay the District Council's reasonable attorneys' fees and costs associated with this action and enforcement of the judgment in this matter;

(v) directing judgment to be entered thereon;

(vi) allowing interest;

(vii) for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 22, 2017

SPIVAK LIPTON LLP
Counsel for Petitioner New York City &
Vicinity District Council of Carpenters
1700 Broadway, 21st Floor
New York, NY  10019
Tel.: (212) 765-2100
Fax: (212) 765-8954
lsigelakis@spivaklipton.com

By: _____
Lydia Sigelakis (LS 4995)

5